**Nancy SULLIVAN et al.,**
**Plaintiffs,**

v.

**C. Francis MURPHY et al.,**
**Defendants.**

**Civ. A. No. 71–1022.**

United States District Court,
D. Columbia.

Sept. 4, 1974.

Edward L. Genn, Ralph J. Temple, Washington, D.C., for plaintiffs.

Edward L. Curry, Asst. Corp. Counsel, Washington, D.C., for defendants.

## ORDER

CORCORAN, District Judge.

Upon consideration of the previous proceedings and pleadings herein, and upon further consideration of the representation of the defendants, through the District of Columbia Corporation Counsel, that an affirmative showing of probable cause can not be made in any of the pertinent cases, other than those in which defendants were convicted after trial on the merits, and that no other affirmative showing can be made as required by the decision in Sullivan v. Murphy, 156 U.S.App.D.C. 28, 478 F.2d 938, *cert. denied*, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973),* and upon further consideration of the prayers for relief in this cause, it is by the Court this 4th day of September, 1974.

Ordered and adjudged.

■ 1. That this Court's order of June 23, 1971, that this action shall be maintained as a class action is reaffirmed, and the class consists of all persons arrested from and including May 3, 1971, through May 6, 1971, as to whom the defendants failed to follow normal booking procedures and lack a contemporary field arrest form, photograph, or other evidence of probable cause for arrest, and those as to whom, irrespective of alleged contemporaneous field arrest forms and photographs, the defendants have been unable, after an adequate personal consultation with their witness or witnesses, to certify to this Court their ability to establish probable cause for arrest or a *prima facie* case of guilt of the alleged offense committed;

2. That the seizures of members of the class described in paragraph 1 of this order be, and they hereby are, declared invalid and unconstitutional, and further, that there being no affirmative showing by the defendants in this regard, all seizures except those specifically adjudicated in a Court proceeding in the Superior Court, based upon a con-temporaneous photograph and field arrest form executed by the one who was, in fact, the arresting officer, be, and they hereby are, declared invalid and unconstitutional; and the defendants are forthwith directed to set forth the specific names of such individuals, if any, who were so convicted upon such photographs and field arrest forms, together with certifications from each arresting officer as to the time, place, and circumstances of arrest and that he was in fact the arresting officer, and such persons shall be deemed excluded from the class; *Provided*, plaintiffs may challenge any such certifications;

■ 3. That defendants, for and on behalf of the Metropolitan Police Department, and the District of Columbia, and all divisions, sections, other organizational units, and personnel thereof, shall convey to counsel for plaintiffs all records including recordings, reports, memoranda, index cards, other cards, notations, and writings of any kind, and all copies of all of the foregoing without exception, that would in any way relate, inform or reflect that any member of the class had been arrested or charged with an offense from and including May 3 through May 6, 1971. That said counsel for plaintiffs shall destroy all such records;

4. That defendants, for and on behalf of the Metropolitan Police Department and the District of Columbia and all divisions, sections, other organizational units, and personnel thereof, shall convey to counsel for plaintiffs all fingerprint records and photographs made as a result of the seizure of any member of the class from and including May 3 through May 6, 1971, and all copies thereof without exception. That said counsel for plaintiffs shall destroy all such records;

5. That defendants, for and on behalf of the Metropolitan Police Department and the District of Columbia shall notify all agencies and persons, govern-

---

* *Compare* the expungement of FBI records ordered in Paton v. LaPrade, C.A.No.1091–73 (D. N.J., Aug. 29, 1974), Slip Op. at 8–9.

mental or private, including the Federal Bureau of Investigation, to whom there was sent a record of the arrest, fingerprint card, or photograph, or any information whatsoever indicating a seizure, detention, arrest or a charge, arising from the seizures of members of the class from and including May 3 through May 6, 1971, that said seizures were without basis, and request such agencies to return all such records, fingerprint cards or photographs and retain no copies of such records, cards or photographs, and no records whatever to indicate that such seizures occurred; that said defendants shall advise counsel for plaintiffs of the agencies and persons to whom such requests were made and the responses received, and deliver all such records to counsel for plaintiffs; that counsel for plaintiffs shall destroy such records;

6. That the seizures of members of the class from and including May 3, 1971 through May 6, 1971, shall be deemed to have been "detentions" rather than "arrests";

7. That the defendants shall deposit or cause to be deposited with the Court all collaterals deposited and/or forfeited by all members of the class, and shall furnish a list of names and addresses of all such persons; counsel for plaintiffs shall arrange for the return of such funds; any remaining funds shall be disposed of by further order of this Court;

8. That all guilty pleas and all *nolo contendere* pleas of members of the class, except those who knowingly and voluntarily waived their rights, including the right to a judicial determination of probable cause for arrest or *prima facie* evidence of guilt, shall be deemed invalid and unconstitutional, and such class members shall receive the same relief as other members of the class and in addition all records indicating conviction shall be expunged and subject to the provisions of paragraphs 3 and 5 of this Order; and the defendants are forthwith directed to set forth the specific names of those class members who

knowingly and voluntarily waived their rights, together with certificates as to the time, place, and circumstances of such waiver; *Provided*, plaintiffs may challenge any such certifications.

9. That defendants shall take all actions herein ordered within 30 days of the date of this Order, and that the method of notifying members of the class of the results of this action shall be deferred until further order of this Court following compliance by defendants; and

10. That defendants shall pay reasonable costs and attorneys fees to plaintiffs, as approved by this Court upon certification of such amounts, to be submitted by counsel for plaintiffs within 30 days of defendants' completion of all actions herein ordered.