Norman A. TOWNSEND et al., Plaintiffs,

v.

Samuel S. CARMEL et al., Defendants.

Civ. A. No. 79–0746.

United States District Court, District of Columbia.

Dec. 20, 1979.

On Motions for Summary Judgment March 18, 1980.

---

Sabastian K. D. Graber, Alexandria, for plaintiffs.

R. Craig Lawrence, Asst. U. S. Atty., U. S. Dist. Ct., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court are five motions requiring resolution, to wit: (1) Individual Defendants' Motion to Dismiss, (2) Official Defendants' Motion to Dismiss, (3) Plaintiffs' Motion to Amend the Complaint, (4) Plaintiffs' Motion to Compel Defendants to Show Cause and for Attorney's Fees, and (5) Defendants' Motion for a Protective Order. Plaintiffs bring this action against two individual Federal officials seeking damages, and against the United States and a number of officials seeking declaratory and injunctive relief. Plaintiffs Townsend, Birch and Maguire seek damages from Defendant Carmel, Chief of Pentagon Security, and Plaintiff Townsend also seeks damages from Defendant Minardi, an officer of the Federal Protective Service. These three Plaintiffs claim that their arrest and detention on September 1, 1978, violated their Constitutional rights and also constitute common law torts.

All Plaintiffs seek, in addition, declaratory and injunctive relief from a number of Government officials. They contend that the Pentagon's enforcement of its policy limiting to two the number of persons who may distribute leaflets on the steps of the Pentagon and prohibiting individuals from holding signs in front of pillars at the Pentagon are unconstitutional.

I. Individual Defendants' Motion to Dismiss

Plaintiff Townsend was arrested pursuant to the Assimilated Crimes Act, 18 U.S.C. § 13, for use of abusive language in violation of Va.Code 18.2–416. Plaintiff claims that this constitutes a wrongful arrest under color of state law in violation of 42 U.S.C. § 1983. This Court need not determine the legality of the arrest at this juncture, because it finds as a matter of law that the arrest was not made under the color of state law.

18 U.S.C. § 13 essentially provides that if there is no federal law governing certain behavior, state law is to be applied as federal law on federal property located in the states. The Pentagon is located in Arlington, Virginia. Plaintiff used allegedly abusive language in his interactions with Defendants. The use of this language allegedly violated 18.2–416 of the Virginia Code.

■ Defendants are Federal officers, and they applied federal law, which incorporated state law, in arresting Plaintiff. The arrest was clearly made under the color of federal law, not state law. As the Supreme Court stated in *District of Columbia v. Carter*, 409 U.S. 418, 424, 93 S.Ct. 602, 606, 34 L.Ed.2d 613, "Actions of the Federal Government and its officers are beyond the purview [of § 1983]." Plaintiff Townsend's claim under 42 U.S.C. § 1983 must therefore be dismissed.

■ Plaintiffs Townsend, Birch, and Maguire are suing individual defendants, due to alleged violations of their constitutional rights. *See Bivens v. Six Unknown Agents* of the FBI, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Dellums v. Powell*, 566 F.2d 167 (D.C.Cir.1977). 28 U.S.C. § 1331 provides this Court with a basis for jurisdiction. In suits against Defendants other than the United States, damages must be in excess of $10,000. Because Defendants have proven to a legal certainty that Plaintiffs cannot meet this statutory criterion, the claims against the individual Defendants must be dismissed.

Plaintiffs claim that their first and fourth amendment rights were violated because Defendants dispersed their demonstration, arrested them, and detained them. In *Dellums v. Powell, supra,* the Court reviewed a District Court's handling of an analogous situation. The jury awarded the demonstrators $7,500 each for the violation of their first amendment rights. The Court

of Appeals reversed the damage award, claiming it was excessive. *Id.* at 195–196. The jury in *Dellums* awarded the demonstrators who were detained and jailed under twelve hours $120 compensation for the false arrest. The Court of Appeals held that this was reasonable. *Id.* The demonstrators in the instant case were never taken to jail, and were merely detained for four hours. This Court finds that, to a legal certainly, Plaintiffs have not suffered damages in excess of $10,000.

■ Plaintiff Townsend claims that he, as a lawyer, will be grievously affected if he has an arrest on his record. Should the arrest remain on his record, Plaintiff asserts, he will suffer damages in excess of $10,000. This Court has the power to strike the arrest from Plaintiff's record, *nunc pro tunc,* if there were no reasonable grounds for probable cause or the arrest was made in bad faith. *See Sullivan v. Murphy,* 380 F.Supp. 867, 869 (D.D.C.1974) approved in *Dellums v. Powell, supra,* at 173, footnote 2. On the other hand, if there was reasonable grounds for probable cause and the arrest was made in good faith, the individual Defendants are protected by qualified sovereign immunity. See *Butz v. Economu,* 438 U.S. 478, 497, 98 S.Ct. 2894, 2906, 57 L.Ed.2d 895 (1978); *Dellums v. Powell, supra,* at 179–180. In the former instance, Plaintiff would suffer no damages because the arrest would be stricken from his record; in the latter instance, Plaintiff would not be entitled to damages because the arrest would be valid. Plaintiff Townsend's claim must be rejected.

## II. Official Defendants' Motion to Dismiss

Defendants assert numerous bases for this Motion, none of which is compelling. First, they claim that the property outside the Mall and River entrances to the Pentagon are not public fora, citing *Adderley v. Florida,* 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966) and *Greer v. Spock,* 424 U.S. 828, 96 S.Ct. 1211, 47 L.Ed.2d 505 (1976). Their rationale is unsupported by those cases. In the instant case, the land is open to the public; the only restrictions are

on demonstrations of more than two people. In *Adderley,* the land was part of a penitentiary that was closed to the public; in *Spock,* the land was a military base and access to the public was extremely limited. Defendants have failed to show that demonstrations at the Mall and River entrances are "incompatible with the normal activity" at those entrances. See *Greer v. Spock, supra,* at 843 (Powell, J., concurring). Their Motion to Dismiss on this point must be rejected.

Second, Defendants claim that, contrary to Plaintiffs' allegations, 41 C.F.R. 101–20.-304 is not overbroad or vague, and the arrests made pursuant to that regulation were valid. The regulation states that

Persons in and on property shall at all times comply with official signs of a prohibitory, regulatory, or directory nature and with the directions of federal protection officers and other authorized officials.

Defendants claim that this regulation is merely the enforcement arm covering the Code of Federal Regulations, is limited by the other regulations, and is therefore constitutional. There is no regulation either prohibiting or limiting all public behavior at the Mall and River entrances to the Pentagon. Defendants therefore must be relying on 41 C.F.R. 101–20.304 either exclusively or in tandem with some unwritten rule. The constitutionality of this regulation is in serious question. *See Broderick v. Oklahoma,* 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973). Defendants' assertion that 41 C.F.R. 101–20.304 is constitutional must be rejected.

■ Finally, Defendants claim that Plaintiffs do not have standing to challenge the constitutionality of 41 C.F.R. 101–20.-309. They allege that Plaintiffs have suffered no injury in fact because this regulation was not enforced against them. *See Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975); *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Laird v. Tatum,* 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972). On this issue Defendants must pre-

vail. They will be estopped from asserting later, however, that this regulation provided the necessary foundation for 41 C.F.R. 101–20.304.

III. Plaintiffs' Motion to Amend Complaint

Plaintiffs want to amend their complaint to add Mr. David Cooke in both his individual and official capacity, and add a tort claim under the Federal Tort Claims Act. The addition of Mr. Cooke as an individual Defendant must be denied because the claims against all individual Defendants have been dismissed. Plaintiff may file an amended complaint, however, to add Mr. Cooke in his official capacity and to assert a claim under the Federal Tort Claims Act.

IV. Plaintiffs' Motion to Compel

■ Plaintiffs allege that Defendants have defied the Preliminary Injunction issued by this Court on April 6, 1979. They assert that a third party was arrested in violation of the injunction. Plaintiffs have not presented a scintilla of evidence indicating that they suffered any harm whatsoever from the alleged violation of the injunction. They thus lack standing to assert this Motion. See *Warth v. Seldin, supra.* Their Motion to Compel Defendants to Show Cause and for Attorney's Fees must be rejected.

V. Defendants' Motion for a Protective Order

Defendants have sought a protective order precluding discovery until two weeks after the Motions to Dismiss are disposed of. Defendants have shown no reason for the two week reprieve. Now that the Motions to Dismiss have been disposed of, Defendants' Motion for a Protective Order is denied.

It is therefore by the Court this 20th day of December, 1979,

ORDERED, that Individual Defendants' Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED, that Official Defendants' Motion to Dismiss is DENIED; and it is

FURTHER ORDERED, that Plaintiffs' Motion to Amend their Complaint is GRANTED, insofar as such amendment is consistent with Section III of this Memorandum; and it is

FURTHER ORDERED, that Plaintiffs' Motion to Compel Defendants to Show Cause and for Attorney's Fees is DENIED; and it is

FURTHER ORDERED, that Defendants' Motion for a Protective Order is DENIED; and it is

FURTHER ORDERED, that Plaintiffs will submit their Motion for Summary Judgment on or before January 31, 1980.

## ON MOTIONS FOR SUMMARY JUDGMENT

Before the Court are Cross Motions for Summary Judgment in an action brought by Plaintiffs Townsend, Birch, Maguire, *et al.*, against Defendants Carmel *et al.*, for permanent injunctive relief and damages pursuant to the first, fourth, and fifth amendments and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* The facts of the case may be summarized as follows.

Plaintiffs are members of a group who have periodically exercised their first amendment rights at the Mall and River entrances to the Pentagon since September 1, 1978. To date, they have exercised those rights in an orderly fashion. Leaflets are distributed at the base of the stairs to the Pentagon in a manner that does not block ingress or egress to that building, and there is no contention that any of the demonstrators have disrupted operation at the Pentagon in any fashion.

Defendants are members of either the Federal Protective Service (FPS) or the Department of Defense's Pentagon Security Force. At one of the demonstrations, the three Plaintiffs named above were arrested. Plaintiff Townsend was arrested pursuant to the Assimilated Crimes Act, 18 U.S.C. § 13, which provides that if there is no federal law governing certain behavior, state law is to be applied as federal law on

federal property located in the states. The state law in question is Va.Code 18.2–416, which provides, *inter alia*, that a person who curses or abuses another is guilty of a misdemeanor. According to Defendants, Plaintiff Townsend stated to an FPS officer "You can't do that, I'll sue your ass", "Your're a damn fool, I'll sue your ass", and "You son of a bitch, I'll sue you." Each statement was allegedly uttered once in response to the officer's attempts at dispersing the demonstrators. Defendant Townsend admits that he stated "You can't do that, I'll sue your ass," but denies uttering the other statements.

Defendants Birch and Maguire were arrested pursuant to 41 C.F.R. § 101–20.304, which states that

> Persons in and on property shall at all times comply with official signs of a prohibitory, regulatory, or directory nature and with the directions of federal protection officers and other authorized officials.

Plaintiffs were arrested because they failed to obey a directive to leave the steps and areas adjacent to pillars within five minutes. At no time were Plaintiffs behaving in a disorderly fashion; rather, they were violating an FPS "policy" prohibiting more than two demonstrators at the Mall and River entrances to the Pentagon at any one time.

Subsequent to the arrests, Plaintiff Townsend was handcuffed, booked, and detained at the Pentagon for over three hours before being released. Plaintiffs Birch and Maguire were placed in a police van, booked, detained for over three hours, removed from Pentagon property, and released. The charges against all three defendants were subsequently dismissed. There are two matters of law requiring resolution, to wit: (1) is 41 C.F.R. § 101.20–304 unconstitutional, and (2) is the government liable for false arrest, false imprisonment, assault, and battery under the Federal Tort Claims Act because of the above-stated actions.

I. 41 C.F.R. § 101.20–304

 Defendants contend that the regulation is valid because (1) the Pentagon is a unique building, in need of special protection, (2) it is merely the enforcement arm of the C.F.R., (3) Plaintiffs engaged in unconstitutional activity lack standing to contend that the regulation leading to their arrest is unconstitutional, and (4) a limiting construction may be placed on the regulation so that it may withstand constitutional scrutiny. The Court has already rejected Defendants first two claims. *See Townsend v. Carmel* No. 79–746, Slip Op. at 4–5, (D.D.C. Dec. 20, 1979). Defendants' third claim lacks merit because the Plaintiffs in this case were constitutionally exercising their first amendment rights.

Notwithstanding *U. S. v. Sheil*, 611 F.2d 526 (4th Cir. 1979), it is abundantly clear that the regulation in question is unconstitutionally vague and overbroad. While Defendants correctly assert that statutes apparently overbroad may be upheld by imposing a limiting construction upon them, *Broderick v. Oklahoma*, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973), they have not presented such a construction to the Court. The Court understands Defendants' failure to offer a narrow construction of the regulation—41 C.F.R. § 101.20–304 is simply not conducive to limitation. Rather, as is apparent from both the plain meaning of the regulation and its application in the instant case, 41 C.F.R. § 101.20–304 affords the FPS and "other authorized officials" unfettered discretion to exercise limitless police powers. Individuals can be (and in the instant case have been) arrested merely for disobeying a FPS directive that the officer had no right to give.

In *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1971) the Supreme Court scrutinized the constitutionality of a vagrancy statute that provided the police with broad powers. The Court held that that statute was unconstitutional because of "the effect of unfettered discretion it place[d] in the hands of the Jacksonville police." *Id.*, at 168, 92

S.Ct. at 846. "Where the list of crimes is so all-inconclusive and generalized as the one in this ordinance," the Court stated, "those convicted may be punished for no more than vindicating affronts to police authority." *Id.*, at 166, 92 S.Ct. at 846. In *Papachristou*, the ordinance listed specific offenses, and thus to some extent limited the authority of the police. In the instant case, FPS authority under the regulation is limitless. Indeed, arrests are made pursuant to 41 C.F.R. § 101.20–304 precisely to vindicate affronts to police authority.

Mr. Justice Douglas, speaking for a unanimous Court in *Papachristou*, succinctly expressed this Court's reaction to the instant case:

> Where, as here, there are no standards governing the exercise of the discretion granted by the [regulation], the scheme permits and encourages [the] arbitrary and discriminatory enforcement of the law. It furnishes a convenient tool for "harsh and discriminatory enforcement by [the federal protective service] against particular groups deemed to merit their displeasure." It results in a regime [where] the poor and unpopular are permitted to "stand on a public sidewalk . . . only at the whim of any [FPS] officer . . ." The [regulation] cannot be squared with our constitutional standards and is plainly unconstitutional. (citations omitted).

*Id.*, at 170–71, 92 S.Ct. at 847–48.

## II. Tort Liability

■ Plaintiffs Townsend, Birch and Maguire allege that the Federal government is liable under the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671, *et seq.* It is clear that the Federal government is vicariously liable for the torts of assault, battery, false arrest, and false imprisonment if those torts were committed by Federal law enforcement officers. 28 U.S.C. § 2680(h). It is undisputed that the Federal Protective Service is made up of law enforcement officers. Thus, the limited exception to liability for these intentional torts is not applicable in the instant case.

The government contends, however, that the United States is the recipient of personal defenses that could be asserted by Federal officers in suits against them in their individual capacity. Thus, Defendants assert that (1) there was probable cause for the arrest of Plaintiffs, (2) the officers acted in good faith, (3) under *Dellums v. Powell*, 566 F.2d 167, 175–176 (D.C.Cir.1977) the officers would be protected by a qualified immunity, and (4) therefore, the government is relieved from liability. The Court need not reach the first three issues presented by the government, however, because it finds a matter of law that the defense available to officers in their individual capacity is not available to the government.

■ In all circumstances, the government may assert any defense that a private party could assert. 28 U.S.C. § 2674. The defenses available to an individual *qua* government employee, however, are not the same as defenses available to private parties. Thus, 28 U.S.C. § 2680(a) provides that the FTCA does not apply in instances where the government employee was "exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance [of] or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a) therefore provides the government with the "individual *qua* government employee" defense.

If 28 U.S.C. § 2680(a) applied to law enforcement officials, the government's assertion would carry merit. Twenty-eight years after the enactment of § 2680(a), however, Congress amended § 2680(h) establishing Federal liability for intentional torts committed by federal law enforcement authorities. The legislative history delineates the scope of § 2680(h). It states that the government is liable

> whenever its agents act under color of law so as to injure the public through searches and seizures that are conducted

without warrants or with warrants issued without probable cause. However, the Committee's amendment should not be viewed as limited to constitutional tort situations, but would apply to any case in which a Federal law enforcement agent committed the tort while acting within the scope of his employment or under the color of Federal law.

S.Rep.No.588, 93rd Cong.2d Sess. (1973), *reprinted in* [1974] U.S.Code Cong. & Admin. News pp. 2789, 2791. The thrust of Congressional intent is evident. If a police officer, acting in good faith, conducted a search pursuant to a warrant issued without probable cause, he or she would have a qualified immunity defense under *Dellums, supra.* Under § 2680(a), the government would be able to assert that defense. Section § 2680(h) precludes this possibility, however. Furthermore, § 2680(a) precludes government liability if the employee is acting within the scope of his or her employment. The legislative history of § 2680(h), however, convincingly establishes that the government has waived its sovereign immunity defense when the employee acting within the scope of employment is a law enforcement official.[1]

As is evident from Part I of this opinion, the arrest of Plaintiffs Birch and Maguire was constitutionally invalid. The arrest of Plaintiff Townsend was also unconstitutional. Notwithstanding *Von Sleichter v. U. S.*, 472 F.2d 1244, 1246–47 (D.C.Cir.1972) *cert. den.*, 409 U.S. 1063, 93 S.Ct. 555, 34 L.Ed.2d 517 (1972), the grounds underlying Plaintiff Townsend's arrest were pure speech. Furthermore, his utterances did not constitute "fighting words" within the meaning of *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), and were thus protected by the first amendment.

The government has failed to assert any counterclaim or defenses under Virginia

law applicable to the instant case.[2] Thus, Plaintiffs are entitled to summary judgment.

---

1. It is interesting to note that the qualified immunity defense available to federal officials stems from the government's sovereign immunity defense. *See Butz v. Economu*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

2. 28 U.S.C. § 1346(b) provides that it is the law of the place where the tort occurred that establishes liability. Thus, the law of Virginia is applicable to Plaintiffs' tort claims. *See Hess v. U. S.*, 361 U.S. 314, 318, 80 S.Ct. 341, 345, 4 L.Ed.2d 305 (1959).