# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued December 2, 2004          Decided January 25, 2005

No. 03-5316

THEODORE E. WILLIAMS,
APPELLANT

v.

UNITED STATES OF AMERICA AND
ALVIN HARDWICK, OFFICER, INDIVIDUALLY AND AS
GOVERNMENT PRINTING OFFICE POLICE OFFICER,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 01cv02638)

---

*Donald M. Temple* argued the cause and filed the briefs for appellant.

*Heather Graham-Oliver*, Assistant U.S. Attorney, argued the cause for appellees. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before: HENDERSON, ROGERS, and TATEL, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*:  This appeal presents a single issue: whether the district court erred in concluding that the appellant, who claims he was unlawfully arrested by a special police officer employed by the U.S. Government Printing Office, could not maintain a cause of action against the officer under 42 U.S.C. § 1983.  Because we agree that the officer did not act under color of District of Columbia law, we affirm the summary judgment order in his favor.

## I.

The Government Printing Office, a federal agency headquartered in Washington, D.C., employs some special policemen, including appellee Alvin Hardwick.  Federal law authorizes these policemen to

> make arrest[s] for violations of laws of the United States, the several States, and the District of Columbia; and enforce the regulations of the Public Printer, including the removal from Government Printing Office premises of individuals who violate such regulations.  The jurisdiction of special policemen in premises occupied by or under the control of the Government Printing Office and adjacent areas shall be concurrent with the jurisdiction of the respective law enforcement agencies where the premises are located.

44 U.S.C. § 317.

On duty one afternoon in January 2001, Hardwick asked to see the identification badge of appellant Theodore Williams, a handicapped African American who worked at the GPO's D.C. office.  At the time, Williams was returning to the building after mailing a letter.

The parties dispute what happened next.  According to Williams, he showed his badge and Hardwick confiscated it.

When Williams protested, Hardwick grabbed Williams by the arm, dragged him across the lobby, and slammed him head-first into a brass door at the entrance to the GPO police office. According to Hardwick, Williams refused to show his badge, used profanity, and threatened Hardwick with a cane, whereupon Hardwick took Williams to the GPO police office without Williams and the door coming into contact.

Once in the GPO police office, Hardwick handcuffed Williams and confiscated his cane, then let him go to the medical unit for a check-up. Shortly thereafter, Hardwick and another officer went to the medical unit and arrested Williams for disorderly conduct—a misdemeanor offense under the D.C. Code, *see* D.C. Code Ann. § 22-1321. The officers took Williams back to the GPO police office, advised him of his rights, and took him to the local D.C. police station. There, he was detained for several hours and formally charged.

Williams sued Hardwick and the GPO in the U.S. District Court for the District of Columbia. In his complaint, he alleged deprivation of his Fourth and Fifth Amendment rights in violation of 42 U.S.C. § 1983 and also raised several common law claims. The defendants moved for summary judgment, which the district court granted in full. *Williams v. GPO*, No. 01-02638 (D.D.C. Oct. 1, 2003). On appeal, Williams challenges only one aspect of the district court's ruling: its conclusion that Williams could not bring a section 1983 claim against Hardwick because the officer had not acted under color of D.C. law.

## II.

We review the district court's grant of summary judgment de novo. *Media Gen., Inc. v. Tomlin*, 387 F.3d 865, 869 (D.C. Cir. 2004). Viewing the evidence in the light most favorable to Williams, *see id.*, we ask whether he can state a claim under 42 U.S.C. § 1983. That statute provides in relevant part:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Williams and Hardwick offer different interpretations of what constitutes action "under color of" D.C. law. Williams makes what might be termed a "but for" argument: but for the fact that the District of Columbia has enacted a disorderly conduct statute, D.C. Code Ann. § 22-1321, Hardwick could not have arrested Williams under the federal statute giving GPO police officers concurrent jurisdiction with the local police, 44 U.S.C. § 317. Therefore, Williams argues, Hardwick acted under color of D.C. law. For his part, Hardwick argues that since no D.C. officials encouraged him to make the arrest and since his power to make such arrests comes solely from federal law, he did not act under color of D.C. law.

Existing case law supports Hardwick's argument. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Courts generally treat "'under color' of law . . . as the same thing as the 'state action' required under the Fourteenth Amendment," *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794 n.7 (1966)), and state action "may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself," *Brentwood*

*Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citation omitted). "[A] challenged activity may be state action when it results from the State's exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents." *Id.* at 296 (internal quotation marks and citations omitted).

In cases under section 1983, circuit courts looking at whether defendants have acted "under color of" state law have thus focused on whether these defendants are state officials or have conspired with state officials in committing the alleged illegal acts. For example, in a situation paralleling the one before us today, the Seventh Circuit held that a plaintiff could not bring a section 1983 action against federal police officers who arrested him for state law violations since the state had not "cloaked the defendants in some degree of authority" and the defendants had not "conspired or acted in concert with state officials to deprive a person of his civil rights." *Case v. Milewski*, 327 F.3d 564, 567-68 (7th Cir. 2003). The court found that the officers acted pursuant to federal law, not state law: "defendants' actions were taken under color of federal law; federal officers appeared at a federal property in response to a complaint by a federal employee about an allegedly disorderly person." *Id.* at 568; *see also Richardson v. Dep't of Interior*, 740 F. Supp. 15, 19-20 (D.D.C. 1990) (holding that the plaintiff could not bring a section 1983 claim against a federal official who arrested the plaintiff under the federal Assimilative Crimes Act, which provides that D.C. law can be applied on federal property as though it is federal law); *Townsend v. Carmel*, 494 F. Supp. 30, 32 (D.D.C. 1979) (same). Applying a similar analysis, the Second Circuit permitted a section 1983 suit to go forward against federal officials who allegedly conspired with state officials to violate the plaintiff's federal rights. *Kletschka v. Driver*, 411 F.2d 436, 448-49 (2d Cir. 1969); *cf. Johnson v.*

*Orr*, 780 F.2d 386, 390-93 (3d Cir. 1986) (holding that the plaintiff could sue certain Air National Guard officials under section 1983 since New Jersey's significant control over these officials meant they were state actors); *Tongol v. Usery*, 601 F.2d 1091, 1097 (9th Cir. 1979) (concluding that a section 1983 action was appropriate against state officials administering a federally funded program since these officials were "empowered to act only by virtue of their authority under state law").

Following this approach, we conclude that Hardwick's arrest of Williams cannot "be fairly treated as that of" the District of Columbia, *see Brentwood Acad.*, 531 U.S. at 295, and thus cannot be called D.C. action. Hardwick was a federal official, not a D.C. official. Only the federal government gave him the power to make arrests for violations of D.C. law; the District of Columbia had no authority over him and thus did not "exercise . . . coercive power" through him, *see id.* at 296. Moreover, D.C. officials neither "provide[d] significant encouragement," *see id.*, nor otherwise participated in Hardwick's arrest and alleged mistreatment of Williams. D.C. officials got involved only at the end of the incident when Hardwick took Williams to the D.C. police station. At oral argument, counsel for Williams urged us to find that once Hardwick and Williams reached the station, the D.C. officers conspired with Hardwick to violate Williams's constitutional rights. Because Williams never makes that argument in his briefs, we consider it forfeited. *See City of Waukesha v. EPA*, 320 F.3d 228, 250 n.22 (D.C. Cir. 2003) (per curiam) (argument inadequately raised in opening brief is waived). Even were this argument properly before us and even had Williams offered evidence of a conspiracy, he would have no basis for challenging Hardwick's conduct *prior* to their arrival at the D.C. police station.

To the extent that "under color of" D.C. law requires D.C. action, then, Hardwick prevails because Williams cannot show such action. Admittedly, the under-color-of-state-law doctrine

may cast a somewhat wider net than does the state-action requirement. The Supreme Court has provided no definitive word on this issue; indeed, two Supreme Court cases decided the same day offer different perspectives. *Compare Rendell-Baker*, 457 U.S. at 838 (observing that "[i]n cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment") (citation omitted), *with Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982) (stating that "although we hold that conduct satisfying the state-action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law, it does not follow from that that all conduct that satisfies the under-color-of-state-law requirement would satisfy the Fourteenth Amendment requirement of state action"). Specifically, the under-color-of-state-law doctrine may also apply to individuals who act "with knowledge of and pursuant to a state-enforced custom requiring" unconstitutional behavior. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 174 n.44 (1970). In such circumstances, the state's involvement in the illegality stems from its unconstitutional statute or custom rather than from the participation of its officials in the alleged unconstitutional conduct. *See id.* We need not address whether the under-color-of-state-law doctrine applies to such situations and sweeps beyond the state-action requirement, as Williams has alleged only that Hardwick's *application* of D.C.'s disorderly conduct statute is unconstitutional, not that the statute itself violates the Constitution. Thus, even if section 1983 applied to all situations where a defendant acts pursuant to an unconstitutional state law, Williams could not sue Hardwick under it.

Finally, we think it worth noting that plaintiffs alleging abuse by federal officials are not without a remedy. As Williams's counsel acknowledged at oral argument, Williams could have brought an action against Hardwick under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

403 U.S. 388 (1971). *See, e.g.*, *Berry v. Funk*, 146 F.3d 1003, 1013 (D.C. Cir. 1998) (noting that plaintiffs can bring *Bivens* actions against federal officials and section 1983 actions against state officials). The district court, however, declined to construe Williams's section 1983 claim as a *Bivens* claim, *Williams*, No. 01-02638, slip op. at 6 n.3—a decision Williams does not challenge here.

We affirm the district court's award of summary judgment to Hardwick.

*So ordered.*