Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed November 19, 2004

———

No. 02-5228

THADDEUS FLETCHER,
APPELLANT

v.

DISTRICT OF COLUMBIA, ET AL.,
APPELLEES

———

On Petition for Rehearing

———

Before: GINSBURG, *Chief Judge*, and RANDOLPH and ROBERTS, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: In March of 2001, Thaddeus Fletcher sued the District of Columbia, the D.C. Department of Corrections, the D.C. Board of Parole, and the United States Parole Commission pursuant to 42 U.S.C. § 1983, claiming the Parole Commission "violated the Ex Post Facto Clause of the Constitution of the United States by determining his parole eligibility date on the basis of parole regula-

tions and guidelines promulgated after the crime for which he was incarcerated." *Fletcher v. District of Columbia*, 370 F.3d 1223, 1225 (D.C. Cir. 2004). The district court dismissed Fletcher's claim as premature and he appealed. Although we disagreed with the district court's procedural disposition, we went on to hold Fletcher's claim failed on the merits because "a parole guideline is not a 'law' within the proscription of the Ex Post Facto Clause." *Id.* at 1228.

In his petition for rehearing, Fletcher calls our attention to *Garner v. Jones*, 529 U.S. 244 (2000), in which the Supreme Court considered a challenge to a non-binding parole regulation under the Ex Post Facto Clause. The Court in *Garner* reversed the Eleventh Circuit's decision that a parole board rule changing the time for reconsideration of parole from three to eight years necessarily violated the Ex Post Facto Clause, noting that the board had discretion to shorten the eight-year period. The Court explained that the "controlling inquiry" is "whether retroactive application of the change" in a regulation respecting parole creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* at 250. Further, "[w]hen the rule does not by its own terms show a significant risk, the [claimant] must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id.* at 255. That is, the claimant "must show that as applied to his own sentence the law created a significant risk of increasing his punishment." *Id.* The Supreme Court thus foreclosed our categorical distinction between a measure with the force of law and "guidelines [that] are merely policy statements from which the Commission may depart in its discretion." 370 F.3d at 1228. Rather, the question is one of practical effect.

Accordingly, we vacate our previous judgment and remand this matter to the district court for further proceedings consistent with *Garner*. We note, however, that Fletcher made a related claim in a petition for a writ of habeas corpus, which the district court denied pursuant to *Garner*, *see*

*Fletcher v. Reilly*, No. 01cv2058 (D. D.C. November 24, 2003), and which is now pending in this court, No. 03–5359. On remand therefore the district court need consider only such matters, if any, as are not foreclosed by its decision in No. 01–2058 and by principles of claim preclusion.

*So ordered.*