Notice: This opinion is subject to formal revision before publication in the
Federal Reporter or U.S.App.D.C. Reports.  Users are requested to notify the
Clerk of any formal errors in order that corrections may be made before the
bound volumes go to press.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

―――――

Argued September 8, 2005      Decided November 8, 2005

No. 03-5368

JOHN E. SETTLES, JR.,
APPELLANT

v.

UNITED STATES PAROLE COMMISSION AND
DAVID DOVE, WARDEN OF FCI EDGEFIELD
IN SOUTH CAROLINA,
APPELLEES

―――――

Appeal from the United States District Court
for the District of Columbia
(No. 01cv02286)

―――――

*Melissa Briggs Hutchens* argued the cause for appellant.
With her on the briefs was *Mark S. Raffman*.

*R. Craig Lawrence*, Assistant U.S. Attorney, argued the
cause for appellee.  On the brief were *Kenneth L. Wainstein*,
U.S. Attorney, and *Michael J. Ryan* and *John F. Henault, Jr.*,
Assistant U.S. Attorneys.

Before: SENTELLE, RANDOLPH and ROGERS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: John E. Settles appeals the dismissal of his second amended complaint against the United States Parole Commission for lack of standing. Settles contends that the district court erred in ruling that he failed to show an injury in fact because, in order to vindicate a procedural right, he was not required to establish that the right, if vindicated, would lead to a favorable outcome. Upon *de novo* review, we agree that Settles has standing to bring (1) a claim under 42 U.S.C. § 1983 (2000), alleging that he was denied equal protection because the Commission's rule and policies, preventing him from having a representative at his parole hearing, did not equally apply to federal prisoners who were seeking to be paroled, and (2) a challenge to the Commission's rule under the Administrative Procedure Act ("APA"), 5 U.S.C § 706 (2000). However, we hold that because he has sued the Commission and not the individual members of the Commission, Settles has asserted a claim against an entity that enjoys sovereign immunity from suit under § 1983, and thus the court lacks jurisdiction over his § 1983 claim. Because the district court considered Commission materials beyond the pleadings, the dismissal of the § 1983 claim can also be viewed as the grant of summary judgment. Accordingly, we affirm the grant of summary judgment to the Commission on the § 1983 claim, and because Settles's APA claim fails on its merits, we direct the entry of summary judgment for the Commission on the APA claim.

## I.

As part of the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub. L. No. 105-33, §§ 11000-11723, 111 Stat. 251, 712-87

(1997), Congress required the Commission to "assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Code" (hereafter "D.C. Code offenders"). Revitalization Act § 11231(a)(1), 111 Stat. at 745. During the ensuing transition period, D.C. Code offenders were incarcerated in District facilities and D.C. contract facilities, and, according to Settles, in federal contract facilities.

The Commission's regulations in effect at Settles's parole hearing on June 27, 2000, provided that:

> A prisoner appearing for a parole hearing in a federal facility may have a representative pursuant to [28 C.F.R.] § 2.13(b). A prisoner appearing for a parole hearing in a facility other than a federal facility shall not be accompanied by counsel or any other person (except a staff member of the facility) *except in such facilities as the Commission may designate as suitable for the appearance of representatives*.

Amended Interim Rule, 65 Fed. Reg. 19,996, 19,997 (Apr. 13, 2000) (amending 63 Fed. Reg. 39,172, 39,177 (July 21, 1998)) (emphasis added). The Final Rule, which was promulgated a month after Settles's parole hearing, was identical to the Amended Interim Rule, except that it clarified that the term "federal facility" included "federal contract facilities." Final Rule, 65 Fed. Reg. 45,885, 45,888 (July 26, 2000) (codified at 28 C.F.R. § 2.72(c) (2001)).

Settles was not permitted to have a representative present at his June 2000 parole hearing because he was a D.C. Code offender incarcerated at the Corrections Corporation of America

prison in Youngstown, Ohio, which is a D.C. contract facility that had not been designated suitable for representatives. He was denied parole in August 2000, and his next parole hearing is scheduled for April 2006. He filed a *pro se* petition for habeas corpus against the Commission, and the district court, in denying the Commission's motion to transfer venue, construed Settles's petition as a § 1983 complaint and appointed counsel. Counsel, by leave of court, filed two amended complaints against the Commission, each alleging that the regulation preventing D.C. Code offenders housed in facilities under contract with the D.C. Department of Corrections from having representatives at their parole hearings violates 42 U.S.C. § 1983 and the APA, 5 U.S.C. § 706(2). The amended complaints sought a declaratory judgment invalidating the regulation and injunctive relief in the form of a new parole hearing that "include[s] the opportunity to have a representative" present. The Commission answered, asserting that the complaint failed to state a claim, that venue was improper, and that there was a lack of subject matter jurisdiction, while generally denying the allegations of the APA claim. The Commission, in moving to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) or 12(b)(6), or for summary judgment under Fed. R. Civ. P. 56, as well as in its response to Settles's motion for summary judgment, challenged Settles's equal protection claim on the merits and did not raise any statutory defenses or invoke sovereign immunity.

The district court granted the Commission's Rule 12(b)(1) motion to dismiss for lack of standing, reasoning upon considering the parties' stipulated facts and certain exhibits submitted by the Commission that Settles had not identified a cognizable injury in fact. The court summarily denied Settles's motion for summary judgment. Settles appeals, and this court reviews *de novo* both the dismissal for lack of standing, *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 937 (D.C. Cir. 2004), and the district court's rulings on motions for

summary judgment, *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1031 (D.C. Cir. 2004). Although the Commission has revised its regulations to permit all D.C. Code offenders to have representation at parole hearings, 68 Fed. Reg. 41,527, 41,530 (July 14, 2003), this case is not moot because Settles has not yet been released and seeks injunctive relief in the form of a new parole hearing. *Cf. Spencer v. Kemna*, 523 U.S. 1, 7 (1998)*; Hedgepeth v. Washington Metro. Area Transit Auth.*, 386 F.3d 1148, 1152 (D.C. Cir. 2004); *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998).

## II.

The "irreducible constitutional minimum of standing" requires that Settles demonstrate that he has suffered an injury in fact, that there is a causal connection between the injury and the conduct complained of, and that it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The district court, which did not distinguish between Settles's § 1983 claim and his APA claim, concluded that Settles failed to demonstrate that he suffered a cognizable injury because it understood his claim to be "that the regulation chilled [his] ability to persuade the Commission to release him on parole." As Settles notes, he is alleging that the Commission denied him equal protection by not permitting a representative to attend his parole hearing, which for federal prisoners is a clear procedural right; he is not asserting standing based upon some impalpable harm to his chances of receiving parole, as the district court suggests.

To demonstrate an injury in fact for an equal protection claim,

> [w]hen the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group seeking to challenge the barrier need not allege that

> he would have obtained the benefit but for the barrier in order to establish standing. The "injury in fact" in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit. . . .

*Northeastern Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). Here, Settles alleges in his § 1983 claim that he was treated differently than D.C. Code offenders incarcerated at federal or federal contract facilities because as an inmate at a non-federal facility he was denied the opportunity to have a representative at his parole hearing, which, in turn, made it more difficult for him to gain the benefit of parole. While the Court in *Northeastern Florida* was addressing instances where individuals in one group are competing with individuals in another group for a benefit (such as a contract or admission to a school), the analytical framework is appropriately applied here because Settles's claim is that the Commission's violation of equal protection made it more difficult for him to achieve the benefit of a parole.

The Commission's contrary views are unpersuasive. Its first response is that, even in situations where a plaintiff seeks to challenge a barrier to a benefit, "the plaintiff must still give evidence that he would have been able to exercise the benefit had it been available." This statement confuses what the "benefit" is: the benefit is not representation; it is receiving parole. The barrier to obtaining the benefit is the prohibition on representation. The Commission maintains that Settles has not satisfied the "able and ready" standard from *Northeastern Florida,* 508 U.S. at 666, because "he has failed to identify a particular representative who was, in June 2000, willing to appear on his behalf." The Commission suggests an unduly restrictive standard, which would have required Settles to engage in a futile act: to go through the motions of obtaining

representation when he knew that the relevant regulations precluded him from having representation. The record, however, includes Settles's declaration that had he "been allowed to take a representative to [his] parole hearing, [he] would have made arrangements to obtain one and [he] believe[d] that [he] would have been successful." Even assuming the "able and ready" standard applies outside the context of a government set-aside program, *see id.*, under the standards applicable to motions to dismiss or for summary judgment, at least, that declaration is sufficient.

The Commission's second response is that Settles has not alleged an equal protection injury because he has not alleged that similarly situated individuals were treated differently. Relying on *Koyce v. United States Board of Parole*, 306 F.2d 759 (D.C. Cir. 1962), the Commission contends that under circuit precedent the relevant class "consists of persons confined as he was confined, subject to the same conditions to which he was subject." *Id.* at 762; *see also Moss v. Clark*, 886 F.2d 686 (4th Cir. 1989). To prevail on his equal protection claim, Settles would have to demonstrate that he was treated differently than similarly situated individuals and that the Commission's explanation does not satisfy the relevant level of scrutiny. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). At this stage, however, Settles need only show that he was part of a group that was denied equal treatment. *See Ne. Fla.*, 508 U.S. at 666. He was in such a group at the time of his parole hearing because he alleges that inmates at D.C. contract facilities could not have representation, whereas those individuals in federal facilities could have representation. This suffices to show his standing. *See Info. Handling Servs., Inc. v. Def. Automated Printing Servs.*, 338 F.3d 1024, 1029 (D.C. Cir. 2003).

Finally, regarding the other prongs of the standing analysis, the Commission's suggestion that causation is lacking unless its

decision to deny Settles parole is fairly traceable to his lack of representation misunderstands the nature of the injury, which is the denial of representation and not the denial of parole. Furthermore, the Commission's position is contrary to the Supreme Court's approach to standing in *Northeastern Florida*, where it held that a plaintiff in Settles's position "need not allege that he would have obtained the benefit but for the barrier." 508 U.S. at 666. The Commission's regulation prevented Settles from having representation at his parole hearing. A decision from this court finding the regulation unlawful and requiring a new parole hearing with representation would redress his injury. *Id.* at n.5.

To show injury in fact under the APA, Settles must show that the procedural right to have representation at his parole hearing is connected to his injury. *Sugar Cane Growers Coop. v. Veneman*, 289 F.3d 89, 94-95 (D.C. Cir. 2002). The connection is plain: by denying Settles the right to have a representative, which was allegedly given to others with whom he was similarly situated, he was not treated equally. Because Settles is seeking to enforce a procedural right, he is not required to prove the procedural remedy (i.e., having a representative present at his parole hearing) will result in a different substantive outcome, much less that the prior procedural deficiency caused the denial of his parole. *See City of Waukesha v. EPA*, 320 F.3d 228, 235-36 (D.C. Cir. 2003); *Sugar Cane*, 289 F.3d at 94.

The Commission devotes only a footnote in its brief to challenging Settles's standing to bring the APA claim, and both of its arguments lack merit. First, without authority, the Commission asserts that if Settles is not "able and ready" then he does not have standing. As established above, assuming such a requirement applies, he is "able and ready." Second, the Commission contends that the fact that he was treated similarly

to others in his class defeats standing. This is not so because Settles does not solely challenge the classification of D.C. Code offenders in D.C. contract facilities compared to those in federal facilities; rather, he mainly contends on appeal that the regulation is arbitrary and not supported by substantial evidence because it fails to distinguish between D.C. contract facilities and District facilities.

For these reasons, we hold that Settles has standing and we turn to the § 1983 and APA claims set forth in the second amended complaint.

**III.**

Section 1983 permits suit against a "person" acting under color of State or District of Columbia law. *See*, *e.g.*, *Williams v. United States*, 396 F.3d 412, 413-14 (D.C. Cir. 2005). On appeal, the Commission presents three new challenges to Settles's § 1983 claim: (1) it did not act under color of District of Columbia law in promulgating the Amended Interim Rule barring a representative at Settles's parole hearing; (2) it is not a "person" under § 1983; and (3) it enjoys sovereign immunity from suit under § 1983. While the Commission maintains that it may raise such issues for the first time on appeal because they are jurisdictional, the only jurisdictional issue is whether the United States has waived its sovereign immunity from this suit. The questions of statutory interpretation address the question whether Settles has failed to state a claim, *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89-90 (1998), and such claims, unlike immunity, may be waived, *cf. Natural Res. Def. Council v. EPA*, 25 F.3d 1063, 1074 (D.C. Cir. 1994).

**A.**

To recover under § 1983, the plaintiff must show that the defendant was acting "under color" of state law. Section 1983

does not apply to federal officials acting under color of federal law. *See Williams*, 396 F.3d at 415-16; *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). In *Fletcher v. District of Columbia*, 370 F.3d 1223 (D.C. Cir. 2004) ("*Fletcher I*"), the court held that the Revitalization Act is an "Act of Congress applicable exclusively to the District of Columbia," such that members of the Commission "are amenable to suit under § 1983 for actions taken pursuant to that Act." 370 F.3d at 1227. Fletcher, a *pro se* litigant, had sued the Commission rather than the individual Commission members; however, the court construed the complaint "to have named the individual members of the Commission, in accordance with the general rule that, upon a motion to dismiss, the complaint—particularly a complaint filed by a pro se prisoner—should be construed liberally." *Id*. at 1227 n.*. Upon rehearing, the court in *Fletcher v. District of Columbia*, 391 F.3d 250 (D.C. Cir. 2004) ("*Fletcher II*"), vacated its prior judgment. The opinion in *Fletcher II* addressed only that portion of the prior judgment resting on the proposition that a parole guideline is not a law for purposes of the Ex Post Facto Clause. *Id*. at 251. Specifically, the court acknowledged that its prior holding was contrary to that in *Garner v. Jones*, 529 U.S. 244, 255 (2000), where the Supreme Court held that parole guidelines can be laws for purposes of the clause; Fletcher's case was thus remanded to the district court. *Fletcher II*, 391 F.3d at 251. Under the circumstances, it would be incorrect to suggest that the entirety of our opinion in *Fletcher I* is no longer binding precedent. Left standing is the holding in *Fletcher I* that a cause of action under § 1983 will lie against the individual members of the Commission when acting pursuant to the Revitalization Act § 11231, 111 Stat. at 745. *Fletcher I*, 370 F.3d at 1227. Thus, in responding to the Commission's first statutory defense, Settles might properly rely on *Fletcher I* to establish that the Commission was acting under color of District of Columbia law

in denying him a representative at his parole hearing. *Cf. LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996).

However, by failing to raise its statute-based challenges in the district court, including that it is not a "person" under § 1983, the Commission has waived these issues. "[A]s a matter of prudence if not jurisdiction, claims neither raised nor addressed below usually may not be heard on appeal." *Nat'l Fed'n of Fed. Employees v. Greenberg*, 983 F.2d 286, 288 (D.C. Cir. 1993). Although the court retains discretion to decide when issues may nonetheless be considered on appeal, *id.*, the Commission presents no compelling reasons why the court should depart from its general practice of refusing to consider arguments raised for the first time on appeal. *See District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1078 (D.C. Cir. 1984); Fed. R. Civ. P. 12(h). This court always must address issues of its jurisdiction, *Citizens for the Abatement of Aircraft Noise, Inc. v. Metro. Wash. Airports Auth.*, 917 F.2d 48, 53 (D.C. Cir. 1990), but whether the Commission is a "person" under § 1983 is not a jurisdictional question. It is a statutory one. *See Bolden v. Southeastern Penn. Transp. Auth.*, 953 F.2d 807, 821 (3d Cir. 1991) (en banc). Recharacterizing an issue of statutory interpretation as "jurisdictional" is mere wordplay. *Cf. Steel Co.*, 523 U.S. at 89-90. Were Settles's claim "wholly insubstantial and frivolous," *Bell v. Hood*, 327 U.S. 678, 682-83 (1946), the court's power to adjudicate the case would be implicated. Settles's claim is not so weak. Therefore, we hold that the Commission has waived its two statutory based defenses under § 1983.

**B.**

The Commission's assertion of sovereign immunity, however, goes to this court's jurisdiction and may properly be raised at any time. *See Brown v. Sec'y of Army*, 78 F.3d 645, 648 (D.C. Cir. 1996). As the Supreme Court has observed, "[i]t

is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Sovereign immunity may not be waived by federal agencies. This court explained in *Department of Army v. Federal Labor Relations Authority*, 56 F.3d 273 (D.C. Cir. 1995), that "[w]hile it is true that the sovereign immunity of a State is waived by appearance in a federal court, . . . federal sovereign immunity is not waived by appearance in any forum because officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision of Congress," *id.* at 275 (citations and quotations omitted). If the United States has not consented to being sued under § 1983, sovereign immunity requires the court to dismiss Settles's claim for lack of jurisdiction. *See First Va. Bank v. Randolph*, 110 F.3d 75, 77 (D.C. Cir. 1997).

A waiver of the United States's sovereign immunity must be unequivocally expressed in statutory text, *see, e.g.*, *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 37 (1992), and will not be implied, *Lane v. Pena*, 518 U.S. 187, 192 (1996). Consent to a particular remedy must be unambiguous as well. *Dep't of Army*, 56 F.3d at 277. We find no clear statement that would make the Commission itself subject to liability under § 1983. The 1979 amendment making § 1983 applicable to persons acting under color of the laws of the District of Columbia, *see* An Act to Permit Civil Suits Under [42 U.S.C. 1983] Against Any Person Acting Under Color of Any Law or Custom of the District of Columbia, Pub. L. No. 96-170, 93 Stat. 1284 (1979), provides no statement or other indication that Congress intended to subject federal entities to § 1983 liability. *Cf.* H.R. Rep. No. 96-548, at 3 (1979), *reprinted in* 1979 U.S.C.C.A.N. 2609, 2611. Indeed, the legislative history suggests that the reason for the amendment was the delegation

of authority to the District government and its officials after the original enactment of § 1983. *Id.* at 2, 1979 U.S.C.C.A.N. at 2610. Because "the local government at that time was directly subject to federal control . . . no need existed for separate federal court oversight of local government actions." *Id.* The purpose of the 1979 amendment was simply, after *Monell v. City of New York*, 426 U.S. 658 (1978), to place District of Columbia laws on a par with those of the states and territories of the United States.

Nor does § 11231(a)(1) of the Revitalization Act, 111 Stat. at 745, indicate that the Congress intended to subject the Commission to § 1983 liability. The plain language adds to the Commission's jurisdiction, but does not state that, in exercising its new jurisdiction over D.C. Code offenders, the Commission would be acting as the D.C. Parole Board, which the Revitalization Act abolished. Nothing in our decision in *Fletcher I*, which held that in regard to D.C. Code offenders the Commission acts pursuant to an "Act of Congress applicable exclusively to the District of Columbia," 370 F.3d at 1227, requires the conclusion that when the Commission acts pursuant to the Revitalization Act, it loses its character as a federal agency and becomes for purposes of § 1983 a mere organ of the District of Columbia, which, as a municipality, enjoys no sovereign immunity. *See Metro. R.R. Co. v. District of Columbia*, 132 U.S. 1, 9 (1889); *District of Columbia v. Owens-Corning Fiberglass Corp.*, 572 A.2d 394, 403-04 (D.C. 1989). Despite its role in administering parole for D.C. Code offenders, the Commission retains the immunity it is due as an arm of the federal sovereign.

## C.

Although sovereign immunity blocks a § 1983 claim against the Commission, Settles urges that his complaint be liberally construed as naming the individual members of the Commission

as defendants. He points to *Fletcher I*, in which the court construed a *pro se* complaint against the Commission's members "in accordance with the general rule that, upon a motion to dismiss, the complaint—particularly a complaint filed by a pro se prisoner—should be construed liberally." 370 F.3d at 1227. As support, the court cited *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004), in which the court quoted a leading treatise to the effect that "[t]he general rule, applicable in all cases, is 'that the complaint will be construed liberally on a Rule 12(b)(6) motion.'" *Id*. at 37 (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1987)). The court emphasized that *pro se* prisoner complaints are "not distinguish[ed] . . . from any others" in the requirement that they are to be liberally construed. *Warren*, 353 F.3d at 37.

It is certainly true that complaints are to be liberally construed at the stage of a motion to dismiss. However, in stating the general rule, the court in *Warren* was focusing on the factual allegations stated in a complaint. This is clear because the court acknowledged that courts sometimes reach further than the complaint in *pro se* cases to discern the facts necessary to state a cause of action. *Id*. at 38 (citing *Anyanwutaku*, 151 F.3d at 1058). In other words, the rule of liberal construction of complaints applies to factual allegations. *Cf.* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357, at 704 (3d ed. 2004). At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact. *Fletcher I* indicates that the court will construe a *pro se* prisoner's complaint liberally both to afford all reasonable inferences of fact and, in certain circumstances, to rewrite the complaint to name new defendants. It is quite a different matter to suggest that this particular exercise of

liberality should extend to a complaint that is not *pro se,* so as to allow a counseled plaintiff to name a new set of defendants.

It is long settled that the United States cannot be sued without its consent. *See* Part III.B, *supra*. To the extent that it may not have been entirely clear in what capacity the Commission acted when it denied Settles a representative at his parole hearing—because it was acting under District of Columbia law and in fact applied a rule that was identical to that of the former D.C. Parole Board—counsel would have been alerted to the need to address who is the proper defendant. Although Settles's counsel did not have the benefit of our decision in *Fletcher I* when he filed the second amended complaint, there was no law in this circuit or others suggesting the Commission could be sued as a "person" under § 1983, and what law there was suggested it could not. In *Al Favad v. CIA*, 229 F.3d 272 (D.C. Cir. 2000), the court examined the meaning of "person" in 28 U.S.C. § 1782, observing that the Supreme Court has held repeatedly that the term "does not include a sovereign government absent affirmative evidence of such an inclusory intent," *id*. at 274. Two other circuits had held that a federal agency is not a "person" subject to § 1983 liability. *See Hindes v. FDIC*, 137 F.3d 148, 158 (3d Cir. 1998); *Hoffman v. U.S. Dep't of Housing and Urban Dev.*, 519 F.2d 1160, 1165 (5th Cir. 1975).

Thus, it was eminently foreseeable that the Commission would, at some point, advance both jurisdictional and statutory defenses. The fact that Settles' second amended complaint was virtually identical to his first amended complaint—there was only a single repeated citation error (what appears to be a typographical error) citing 28 U.S.C. § 2.73(c) instead of § 2.72(c)—does not change the analysis, because the rule of liberality extends, except as applied in *Fletcher I*, to factual allegations as distinct from renaming the defendant in order to

avoid an immunity defense. *Cf.* 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357, at 722. Otherwise, *Fletcher I* would establish a rule of party substitution, which would suggest that the Commission could never succeed in a motion to dismiss on the ground of sovereign immunity.

In any event, the procedural posture of this case indicates that there is no legal basis to construe Settles's second amended complaint to name the individual Commissioners as defendants. When a court rules on a Rule 12(b)(1) motion, it may "undertake an independent investigation to assure itself of its own subject matter jurisdiction." *Hasse v. Sessions*, 835 F.2d 902, 908 (D.C. Cir. 1987). This includes considering facts developed in the record beyond the complaint. *Id*. at 907. But at the Rule 12(b)(1) stage, "the plaintiff is protected from an evidentiary attack on his asserted theory by the defendant." *Id*.; *Hotel & Rest. Employees Union, Local 25 v. Smith*, 846 F.2d 1499, 1502-03 (D.C. Cir. 1988) (en banc); *see Warth v. Seldin*, 422 U.S. 490, 500-02 (1975). Although the district court stated that it was granting the Commission's Rule 12(b)(1) motion to dismiss the complaint for lack of standing, the court considered the parties' stipulation of facts and certain exhibits submitted by the Commission to determine "[a]s a matter of fact" whether Settles "was unable to present the best argument," as he alleged, because he was not represented. To the extent that this was a factual resolution of Settles's allegation and a rejection of his theory of the case based on evidence submitted by the Commission, the district court exceeded the bounds of factual inquiry that *Hasse, Smith,* and *Warth* indicate are appropriate on review of a Rule 12(b)(1) motion. However, because the Commission moved for summary judgment as well, the district court's judgment can also be viewed as a grant of summary judgment. *See Rann v. Chao*, 346 F.3d 192, 194 (D.C. Cir. 2003). As the nonmoving party, Settles remains entitled to the

benefit of all reasonable inferences of fact for purposes of determining whether material facts are in dispute, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), but the rule on liberal construction can provide no relief in this posture, *cf. Mazaleski v. Treusdell*, 562 F.2d 701, 708 (D.C. Cir. 1977). Therefore, because Settles has sued a defendant who is immune, the Commission is entitled to judgment as a matter of law on the § 1983 claim.

**IV.**

Both parties claim they are entitled to summary judgment on Settles's APA claim. No material facts are in dispute, so we inquire whether either party is entitled to judgment as a matter of law. Settles contends that the Commission's Amended Interim Rule was arbitrary and not supported by substantial evidence because of the absence of a connection between the facts found (lack of staffing and security for representatives to attend parole hearings in District facilities) and the choices made (prohibiting representation at both District facilities and D.C. contract facilities). He cites several passages from Commission meetings and the Federal Register in support of his argument that the regulation swept too broadly when the evidence before the Commission indicated only that there were resource problems in District facilities and not in D.C. contract facilities.

The Commission is entitled to summary judgment if the path of its reasoning is sufficiently discernable in light of the record. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (citing *Bowman Transp., Inc. v. Ark.-Best Freight Sys.*, 419 U.S. 281, 286 (1974)). The administrative record before the court fails to demonstrate that the Commission's action was arbitrary and capricious as a matter of law; rather it reveals that the Commission chose to require particularized review of the security and structural constraints of each non-federal facility prior to allowing

representatives at parole hearings held within those facilities. Amended Interim Rule, 65 Fed. Reg. at 19,997. While the interim and final rules do not articulate a reason for the facility-by-facility review, the path of the Commission's reasoning is sufficiently discernable in light of the record.

During the Commission's quarterly business meeting, the Commission's General Counsel stated that, because it was not clear that each of the facilities was "set up security-wise to allow in representatives," prior review should be required before representatives were allowed. The General Counsel observed that "I think it's going to have to go on a case-by-case basis because much of it depends on the physical layout of the facility where parole hearings are being held and what the arrangement between that facility and the Bureau of Prisons is."

Settles emphasizes that the evidence in the record demonstrates that the prohibition of representatives was based on the lack of resources in prison facilities operated by the D.C. Corrections Department. This is not so, although Settles is correct that the Amended Interim Rule was an outgrowth of a policy instituted because of a lack of resources at the D.C. Corrections Department. The General Counsel addressed D.C. contract facilities in his remarks to the Commission. Also, Settles's brief suggests that there was a blanket prohibition on representatives in parole hearings held in D.C. contract facilities. Again, not so. D.C. contract facilities required prior approval of the Commission before representation was permitted. *See* Amended Interim Rule, 65 Fed. Reg. at 19,997. At the time of Settles's parole hearing, which was approximately two months after the Amended Interim Rule was effective, the Commission had not approved the presence of hearing representatives in the facility in which he was housed. Settles offers nothing to indicate that the Commission's failure to approve the presence of representatives at the Youngstown facility by the time of his

June 2000 parole hearing was arbitrary or otherwise unlawful.

Because the Commission was concerned about resource constraints at the relevant facilities and received comments on the restriction of representatives, the record reveals the required "rational connection between the facts found and the choice made." *Bowman Transp.*, 419 U.S. at 285 (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)). Thus, the Commission is entitled to judgment as a matter of law. *See Anderson*, 477 U.S. at 250.

Accordingly, we hold that Settles has standing to bring his § 1983 and APA claims. We further hold that the court lacks jurisdiction over Settles's § 1983 claim, and because the district court considered Commission exhibits in dismissing the § 1983 claim, we affirm the grant of summary judgment to the Commission on the § 1983 claim. Finally, we hold that Settles's APA claim fails on the merits and we direct the entry of summary judgment for the Commission on the APA claim.