**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CHARLES EDWARD JONES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civ. Action No. 10-0359 (ESH)** |
| | ) | |
| **U.S. PAROLE COMMISSION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM OPINION

In this civil action filed *pro se* under 42 U.S.C. § 1983, plaintiff, a District of Columbia prisoner, claims that the United States Parole Commission denied him due process, abused its discretion and subjected him to double jeopardy during parole revocation proceedings. He claims that as a result, he has served "180 days consecutive twice," (Compl. at 5), and seeks reinstatement of "time from 10-1-04 to 7-3-09 and [termination of] parole F-3906-93." Compl. at 5. Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 14] and plaintiff moves for partial summary judgment under Rule 56 [Dkt. No. 16].

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); accord *Razzoli v. Fed'l Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc). Plaintiff's claim for *habeas corpus* relief, based on the same set of facts underlying this action, is the subject of a separate action pending before the undersigned

judge, *Jones. v. Wainwright*, Civ. Action 10-1186 (ESH). The Court therefore will grant

defendant's motion to dismiss, deny plaintiff's motion for partial summary judgment[1] and

dismiss this § 1983 action without prejudice.[2] A separate Order accompanies this Memorandum

Opinion.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge


Date: September 17, 2010

---

[1] In a document captioned "Motion for Partial Summary Judgement & Motion for Default," plaintiff has not set forth facts "as to which [he] contends there is no genuine issue," LCvR 7(h), nor has he identified the claims on which he is seeking summary judgment or provided any basis for entering a default.

[2] In documents filed after the complaint, plaintiff also seeks monetary damages, but directing him to amend the complaint to add such a claim would be a futile gesture because he cannot recover monetary damages without first invalidating the challenged detention via a habeas writ or some other official action. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his . . . confinement"). Moreover, "[d]espite its role in administering parole for D. C. Code offenders, the Commission retains the immunity it is due as an arm of the federal sovereign." *Settles v. U.S. Parole Com'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005); *id.* at 1108 (concluding that "because Settles has sued a defendant who is immune, the Commission is entitled to judgment as a matter of law on the § 1983 claim).