UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

DEC - 2 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

GREGORY S. GOODYEAR, )
)
          Plaintiff, )
)
    v. )    Civil Action No. *13- 1906*
)
DEPARTMENT OF JUSTICE, *et al.*, )
)
          Defendants. )

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff appears to allege a conspiracy among a Florida judge, the Lee County State Attorney's Office, and officers of the Cape Coral Police Department to deprive him of his civil rights. He brings this action under 42 U.S.C. § 1983 and 18 U.S.C. §§ 841 and 842. All of the named defendants, however, are federal agencies or officials to whom § 1983 does not apply. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("Section 1983 does not apply to federal officials acting under color of federal law."); *see also District of Columbia v. Carter*, 409 U.S. 418, 425 (1973) (stating that "actions of the Federal Government and its officers are at least facially exempt" from the proscriptions of § 1983). Plaintiff fares no better with his purported claims under criminal law, as there is no private right of action under these criminal statutes. *See McCray v. Holder*, 391 F. App'x 887 (D.C. Cir. 2010) (per curiam) (concluding that "district court correctly held that there is no private right of action under 18

U.S.C. §§ 241 and 242"); *Hernandez v. District of Columbia*, 845 F. Supp. 2d 112, 116 (D.D.C. 2012) (dismissing claims "under 18 U.S.C. §§ 241, 242, and 245 . . . as there is no private right of action under these criminal statutes").

An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: *Nov. 8, 2013*