# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| PATRICK NICHOLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-0606 (EGS) |
| | ) | |
| U.S. SECRET SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 25. For the reasons discussed below, the Court GRANTS the motion.

Plaintiff's factual allegations are few. The Court understands the complaint to allege that the United States Secret Service seized $13,198 from Plaintiff at the time of his arrest on July 19, 2011. *See* Compl. (ECF No. 1) at 5. Plaintiff alleges that the underlying case has been dismissed, yet the Secret Service seized and forfeited the money. *See id*. Plaintiff believes that the seizure and forfeiture violate the Takings Clause of the Fifth Amendment to the United States Constitution, *id*., and he is 'asking the court to return [his] money," *id*.

Defendant advances two arguments for dismissal of the complaint. First, Defendant argues that, to the extent Plaintiff brings a constitutional claim against a federal government entity under 42 U.S.C. § 1983, the claim is barred. *See* Def.'s Mem. (ECF No. 25-1) at 5-6. Second, Defendant asserts that the seizure of Plaintiff's money is not a compensable taking. *See*

1

*id*. at 6-7.  Plaintiff responds by citing *AmeriSource Corp. v. United States*, 525 F.3d 1149 (Fed. Cir. 2008), in addition to the Fifth Amendment, to support his claim.  *See* Pl.'s Opp'n (ECF No. 27) at 1.  He offers no legal argument, however, and again demands the return of his money.  *See id*.  The Court concludes that Plaintiff's claim, whether under § 1983 or the Takings Clause, fails.

"[T]he United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983). No federal government agency may waive immunity, and "[i]f the United States has not consented to being sued under § 1983, sovereign immunity requires the court to dismiss [Plaintiff's] claim for lack of jurisdiction.  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005) (citation omitted).

Section 1983 provides:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).  Nowhere does § 1983 mention the United States or any federal government entity.  Nor does § 1983 expressly waive of the federal government's sovereign immunity.  Therefore, Plaintiff's claim against the U.S. Secret Service under § 1983 must be dismissed for lack of subject matter jurisdiction.  *See, e.g., Miango v. Democratic Republic of the Congo*, 243 F. Supp. 3d 113, 134 (D.D.C. 2017) (dismissing First, Fourth, Fifth, and Fourteenth Amendment claims under § 1983 brought against the U.S. Secret Service).

"The Takings Clause provides in full: 'nor shall private property be taken *for public use* without just compensation.'" *AmeriSource*, 525 F.3d at 1152 (quoting U.S. Const. Amend. V) (emphasis added). It "does not entitle all aggrieved owners to recompense, only those whose property has been taken for a public use." *Id.* The Secret Service allegedly seized Plaintiff's property following his arrest on unspecified criminal charges, and "[p]roperty seized and retained pursuant to the police power is not taken for a "public use" in the context of the Takings Clause." *Id*. at 1153. Plaintiff's reliance on the *AmeriCorp* case is misplaced; if anything, the Federal Circuit's ruling works against his interests.

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's purported § 1983 claim, and that the complaint fails to state a claim under the Takings Clause. Accordingly, the Court will grant Defendant's motion and dismiss the complaint. An Order is issued separately.


DATED: May 20, 2020                    /s/
                                       EMMET G. SULLIVAN
                                       United States District Judge