# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 19-5325**

**September Term, 2020**

FILED ON: JULY 6, 2021

RICK LOVELIEN AND STEVEN STEWART,
          APPELLANTS

v.

UNITED STATES OF AMERICA, ET AL.,
          APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00906)

---

Before: MILLETT, WILKINS and RAO, *Circuit Judges*.

## J U D G M E N T

The Court has considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons set out below, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

Appellants Rick Lovelien and Steven Stewart allege that the United States; the Federal Bureau of Investigation ("FBI"); the Bureau of Land Management ("BLM"); several federal officials in their official capacities; and former Attorneys General Eric Holder, Loretta Lynch, and Jeff Sessions ("Attorney General Defendants"), former FBI Director James Comey, former BLM Director Neil Kornze, and BLM Officer Dan Love in their individual capacities (collectively "Defendants") violated Appellants' constitutional rights and the Federal Tort Claims Act ("FTCA"). Specifically, Appellants claim that Defendants violated their rights by using excessive force during a 2014 armed standoff and by arresting, incarcerating, and maliciously prosecuting Appellants in retaliation for attending that armed standoff to support the Bundy family after the BLM attempted to seize the Bundy family's cattle.

Two years after the standoff during which the federal government allegedly used excessive

1

force, a grand jury in the District of Nevada indicted Appellants on charges arising from the standoff, they were arrested, and the district court ordered them detained pending trial. Appellants' first trial in February 2017 ended in a mistrial. The district court then denied Appellants' motions for acquittal, and they were retried that summer. After three days of deliberation, the jury acquitted Appellants.

Two years later, Appellants filed a seven-count complaint, including (1) one *Bivens* count alleging retaliatory arrest, incarceration, and prosecution; (2) three Section 1983 counts alleging excessive force during the standoff and retaliatory arrest, incarceration, and prosecution; and (3) two FTCA counts alleging violations of their constitutional rights.[1] The District Court granted the government's and Officer Love's motions to dismiss on several grounds and resolved all claims against Appellants. First, the District Court dismissed the *Bivens* and Section 1983 claims against the FBI, BLM, and the official-capacity defendants on sovereign immunity grounds.[2] Second, the District Court concluded that the excessive force portions of Appellants' Section 1983 and *Bivens* claims were time-barred under D.C. law. Third, the District Court dismissed the portions of the Section 1983 claims that were not time-barred because no defendant was acting under color of state law. Fourth, the District Court held that the Attorney General Defendants were entitled to absolute immunity against the malicious prosecution claims. Fifth, the District Court found the *Bivens* allegations that were not time-barred or subject to absolute prosecutorial immunity were nevertheless implausible because Appellants failed to sufficiently allege Defendants' personal involvement. And finally, the District Court dismissed the FTCA claims for failing to plausibly allege a malicious prosecution claim under Nevada law. Appellants timely appealed, and we now affirm.

We review the dismissal of a complaint *de novo*. *IMAPizza, LLC v. At Pizza Ltd.*, 965 F.3d 871, 875 (D.C. Cir. 2020). When a case is "resolved on a motion to dismiss, we accept the . . . complaint's factual allegations as true and construe all reasonable inferences in the plaintiffs' favor." *Valambhia v. United Republic of Tanzania*, 964 F.3d 1135, 1137 (D.C. Cir. 2020). But "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must have pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

First, we affirm the District Court's dismissal of the malicious prosecution claims against the Attorney General Defendants. We have previously held that an attorney general is entitled to absolute immunity against a malicious prosecution claim that is based on the decision to prosecute. *Dellums v. Powell*, 660 F.2d 802, 805–07 (D.C. Cir. 1981). The malicious prosecution claims all rest on the Attorney General Defendants' alleged decisions to initiate and proceed with Appellants' prosecution. The claims are not based on any plausible, non-conclusory allegation that the Attorney General Defendants suppressed preliminary investigation evidence. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (explaining that a prosecutor's absolute immunity does not

---

[1] Appellants dropped one Section 1983 count before the District Court.
[2] Appellants do not challenge this dismissal on appeal.

extend to "investigative functions normally performed by a detective or police officer"). Because the Attorney General Defendants' decisions to pursue the prosecutions were made when each was serving as Attorney General, the Attorney General Defendants are entitled to absolute immunity.

Second, Appellants' claims regarding the 2014 standoff are time-barred. We apply the local forum's statute of limitations for claims arising under Section 1983 or *Bivens*. *See Jones v. Kirchner*, 835 F.3d 74, 80 (D.C. Cir. 2016) (Section 1983); *Loumiet v. United States*, 828 F.3d 935, 947 (D.C. Cir. 2016) (*Bivens*). Under the D.C. Code, Appellants had to file their Section 1983 and *Bivens* claims within three years of the 2014 incident, D.C. Code § 12–301(8), but they only filed their complaint in 2019, two years after the three-year period elapsed. Therefore, Appellants' claims arising from the 2014 standoff are time-barred.

Third, Appellants' Section 1983 claims unrelated to the 2014 standoff and not subject to absolute prosecutorial immunity fail on their face. A plaintiff may not bring Section 1983 claims against federal officials acting pursuant to federal law. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). But that is precisely what Appellants did, so their claims arising under Section 1983 must be dismissed. Appellants argue that, because Defendants directed state law enforcement officials, they were acting under color of state law. But even if the alleged direction were true, the state officials would have acted under federal law, not under color of state law. Therefore, the District Court properly dismissed Appellants' remaining Section 1983 claims.

Fourth, Appellants' *Bivens* claims against the remaining high-ranking federal officials are implausible. As in *Bundy v. Sessions*, 812 F. App'x 1 (D.C. Cir. 2020), Appellants claim that former Directors Comey and Kornze were necessarily involved in the 2014 standoff and the ensuing events. But as in *Bundy*, the threadbare allegations in the complaint are "precisely the type of unsupported allegation[s] the Supreme Court rejected in *Iqbal*." *Id.* at *2; *see also Iqbal*, 556 U.S. at 678. Appellants offer no specific, factual allegations implicating former Directors Comey and Kornze and instead rely on the national coverage the standoff received. That is insufficient to plausibly allege their involvement. Therefore, the District Court did not err in dismissing the remaining *Bivens* claim against the high-ranking federal officials.

Fifth, the remaining *Bivens* claims against Officer Love are also implausible. As the District Court found, the complaint failed to allege that Love was involved in the prosecution-related allegations. *Lovelien v. United States*, 422 F. Supp. 3d 341, 350–51 (D.D.C. 2019). Additionally, though Appellants claim they suffered abusive conditions while confined, they do not allege a single fact connecting Love to any of the alleged misconduct. At most, Appellants contend that Love "ordered and commanded agents under his direction and supervision to commit the acts set forth." J.A. 15 ¶ 66. But as with Appellants' claims against the higher-level officials, these allegations do not meet the plausibility standard set forth in *Iqbal*.

Finally, Appellants fail to state a claim under the FTCA. Appellants narrowed their FTCA claims before the District Court to solely allege malicious prosecution. *Lovelien*, 422 F. Supp. 3d at 351. But as the District Court found, Appellants allege only a violation of their constitutional rights, which is not cognizable under the FTCA. *Id.* at 352; *see also* 28 U.S.C. § 1346(b)(1); *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) ("[W]e conclude that [the] constitutional tort claim is not

'cognizable' under § 1346(b) because it is not actionable under § 1346(b) . . . .").[3]  The District Court thus properly dismissed Appellants' FTCA claims.

Consistent with the foregoing, we affirm the judgment of the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

## Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

---

[3] On appeal, Appellants request to amend the complaint to permit them to include a state-law claim.  But since Appellants failed to request leave to amend before the District Court, they have forfeited their right to amend their complaint. *City of Harper Woods Emps.' Retirement Sys. v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009).