# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DEREK N. JARVIS,          )
                           )
     Plaintiff,         )
                           )
v.                        )      Civil Action No. 1:23-cv-01970 (UNA)
                           )
                           )
LOUIS DEJOY,        )
                           )
     Defendant.      )

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the complaint without prejudice. *See* 28 U.S.C. §1915(e)(2)(B)(ii)–(iii); Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Maryland, sues the Postmaster General pursuant to 42 U.S.C. §§ 1981, 1982, 1983, and 2000a. He alleges that, on July 20, 2021, an employee, identified only as "Morgan," discriminated against him and violated his constitutional rights by denying him service at the United States Post Office, located at 5636 Connecticut Ave N.W., Washington, D.C.

*First*, the Court may not exercise subject matter jurisdiction over the § 1981 claims. "[T]he protection offered under 42 U.S.C. § 1981 is limited in its scope," and "applies only to 'nongovernmental discrimination and impairment under color of State law.'" *Marcus v. Geithner*, 813 F. Supp. 2d 11, 19 (D.D.C. 2011) (citing 42 U.S.C. § 1981(c)). "The statute does not apply to actions taken under color of federal law." *Id.* (citation and internal quotation marks omitted). Section 1981 claims cannot be raised against a federal instrumentality or its officials. *See id.* (citing *Kizas v. Webster*, 707 F.2d 524, 541–43 (D.C. Cir. 1983)); *see also DynaLantic Corp. v.*

*Dep't of Defense*, 885 F. Supp. 2d 237, 291 (D.D.C. 2012); *accord Turner v. Shinseki*, 824 F. Supp. 2d 99, 113 n.15 (D.D.C. 2011).

*Second*, plaintiff's § 1983 claims similarly cannot be maintained against the United States, its agencies, or their officers, because "[s]ection 1983 does not apply to federal officials acting under color of federal law." *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005); *see also Bundy v. Sessions,* 387 F. Supp. 3d 121, 127 (D.D.C. 2019) (same).

*Third*, and likewise, 42 U.S.C. §§ 2000a *et seq*., does not waive immunity against the federal government, its agencies, or its officials, just as "42 U.S.C. §§ 1981, 1982, 1985 and 1986 'by their terms, do not apply to actions against the United States.'" *Zhu v. Gonzales*, No. 04-1408, 2006 WL 1274767, at *5 (D.D.C. May 8, 2006) (quoting *Hohri v. United States*, 782 F.2d 227, 245 n. 43 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987)); *Biase v. Kaplan*, 852 F. Supp. 268, 280 (D.N.J. 1994) ("[N]either § 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States or a Federal agency.")); *see Jones v. Nat'l Council on Disability*, 66 F. Supp. 3d 94, 100–01 (D.D.C. 2014) (same), *aff'd*, No. 14–5244, 2015 WL 653308 (D.C. Cir. Feb. 5, 2015).

*Fourth*, liberally construing plaintiff's constitutional tort claims outside of the Civil Rights Act would be futile. As noted, the United States, and its officers if sued in their official capacity, are "immune from suit save as it consents to be sued[.]" *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941). Because Congress has not waived the federal government's sovereign immunity with respect to constitutional torts, the United States and its officers are generally immune from such a lawsuit under any interpretation. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (holding that the United States may not be sued under the Federal Tort Claims Act for a constitutional tort).

Although a federal agent may be sued in his or her individual capacity for a constitutional tort under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff makes no reference to *Bivens* in his complaint. And, while plaintiff makes a passing reference to a potential "individual capacity" claim, he then fails to provide any specifics regarding same. He has sued only the Postmaster General, and the complaint contains no specific factual allegations of conduct violative of the plaintiff's federal civil rights that could be directly traced to the sole defendant.

Consequently, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: 7/25/2023

TREVOR N. McFADDEN
United States District Judge