# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5182**

**September Term, 2023**

**1:23-cv-01970-UNA**

**Filed On:** November 27, 2023

Derek N. Jarvis,

      Appellant

    v.

Louis DeJoy, Postmaster General,

      Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Pillard, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed July 25, 2023 be affirmed. The district court properly dismissed the case because appellant has not asserted that the sole defendant acted under color of state law, as required for a claim under 42 U.S.C. § 1983. See Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1104 (D.C. Cir. 2005) ("To recover under § 1983, the plaintiff must show that the defendant was acting 'under color' of state law. Section 1983 does not apply to federal officials acting under color of federal law."). Additionally, the district court correctly concluded that, to the extent appellant's complaint could be construed as asserting a claim under the Federal Tort Claims Act ("FTCA"), such a claim would be barred. To the extent appellant asserted claims against the defendant in his official capacity, the defendant is entitled to sovereign immunity unless that immunity is waived, and the FTCA does not waive sovereign immunity for constitutional torts. See 28 U.S.C. § 1346(b); F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("[T]he United States . . . has not rendered itself liable under § 1346(b) for constitutional tort claims."); Clark v. Library of Congress, 750 F.2d 89, 103 (D.C. Cir. 1984) (stating that, absent a waiver, sovereign immunity bars suits for damages against federal officials in their official capacity). And appellant has failed to allege any particularized conduct on the part of the defendant that could give rise to a

claim under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009) (holding that "vicarious liability is inapplicable to <u>Bivens</u>," and a plaintiff asserting a <u>Bivens</u> claim "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  Moreover, appellant has forfeited any argument as to his claims arising under 42 U.S.C. §§ 1981, 1982, and 2000a.  <u>See</u> <u>United States ex rel. Totten v. Bombardier Corp.</u>, 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

　　　Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:　/s/
　　　Daniel J. Reidy
　　　Deputy Clerk