**Marcus B. HARRIS, Appellant**

v.

**Loretta E. LYNCH, Honorable, Attorney General, U.S. Justice Department and Jonathan Mark Smith, Chief of Civil Rights, Division in Official Capacity, Appellees.**

**No. 15–5094.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 29, 2015.

Rehearing En Banc Denied Feb. 18, 2016.

Marcus B. Harris, Jasper, FL, pro se.

Warden, Jasper, FL, for Plaintiff–Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

BEFORE: SRINIVASAN and WILKINS, Circuit Judges; GINSBURG, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing and the motion to supplement the record, it is

**ORDERED AND ADJUDGED** that the district court's order filed February 24, 2015, be affirmed. It appears that appellant seeks judicial review of a letter informing him that the Department of Justice's Special Litigation Section does not

assist individuals in seeking relief for civil rights violations, and a declaration that his request for assistance should have been referred to the Attorney General. Appellant's complaint invoked 28 U.S.C. § 533(4), which authorizes the Attorney General to appoint officials to conduct investigations regarding official matters under the Department's purview; and his pleadings suggest he wants the Department to investigate his state conviction. But "'agency refusals to institute investigative or enforcement proceedings' are presumed immune from judicial review under 5 U.S.C. § 701(a)(2)," *Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1481 (D.C.Cir.1995) (quoting *Heckler v. Chaney*, 470 U.S. 821, 832, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985)), and appellant has shown no basis for rebutting the presumption. It is

**FURTHER ORDERED** that the motion to supplement the record be dismissed as moot. Based on appellant's description of the document he sent to the Department of Justice, it is evident that he would not be entitled to the relief he seeks even if the document were part of the record before this court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.