# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GABRYELLE DANIELS,                )
                                  )
            Plaintiff,            )
                                  )        Civil Action No. 1:25-cv-03393 (UNA)
v.                                )
                                  )
UNITED STATES DEPARTMENT OF       )
JUSTICE CIVIL RIGHTS DIVISION,    )
                                  )
            Defendant.            )

## MEMORANDUM OPINION

This matter is before the Court for review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of Texas, sues the U.S. Department of Justice Civil Rights Division. *See* Compl. at 1. She challenges Defendant's alleged failures to take action on her civil rights complaints filed with the agency against the Texas Department of Family and Protective Services. *See id.* at 1–4. She contends that these actions constitute violations of her constitutional rights under 42 U.S.C. § 1983, *see id.* at 1, and she seeks damages and an injunction, *see id.* at 1–2, 4–5.

The Court lacks subject matter jurisdiction over Plaintiff's claims because it does bear the authority to compel Defendant to investigate her complaints. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("In both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review."); *Wightman–Cervantes v. Mueller*, 750 F. Supp .2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute,

investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081–82 (D.C.Cir.1995)) (other citation omitted); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248–49 (D.D.C. 2008) ("The FBI's decision whether or not to investigate the supposed criminal activity reported by Martinez is a discretionary function[.]"); *Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam) (same). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). In fact, 28 C.F.R. § 0.50, explicitly assigns the Assistant Attorney General for the Civil Rights Division the exclusive discretionary function of "reviewing investigations arising from reports or complaints of public officials or private citizens," *id.* at § 0.50(b), and in no way imposes "any mandatory duty to investigate or prosecute all complaints of civil rights violations," nor does it provide a right of review in federal court, *see Patterson v. Harris*, No. 22-697, 2022 WL 16758554, at *2 (D.D.C. Nov. 8, 2022); *Harris v. Holder*, No. 15-00270, 2015 WL 794304, at *1 (D.D.C. Feb. 25, 2015) (same), *aff'd sub. nom Harris v. Lynch*, 627 Fed. Appx. 2 (D.C. Cir. 2015) (per curiam).

Insofar as Plaintiff seeks damages, her claims also fail to survive. First, Plaintiff seeks relief under § 1983, but that statute does not apply to federal officials acting under color of federal law, *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005), and here, Plaintiff has sued the federal government. Second, "Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution." *Bond v. U.S. Dep't of Just.*, 828 F. Supp. 2d 60, 74 (D.D.C. 2011) (quoting *Scinto v. Fed. Bureau of Prisons*, 608 F. Supp. 2d 4, 9 (D.D.C. 2009)); *see also FDIC v. Meyer*, 510 U.S. 471, 478 (1994). ("[T]he United States simply has not rendered itself liable . . . for constitutional tort claims."). Although *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) establishes a private cause of action for damages against federal officers sued in their individual capacity who commit certain constitutional violations, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001), *Bivens* does not extend to federal agencies or to federal officials sued in their official capacity, *see Meyer*, 510 U.S. at 486; *In re Rodriguez*, No. 05-5130, 2005 WL 3843612, at *3 (D.C. Cir. Oct. 14, 2005) (per curiam); *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017). And even if it did, Plaintiff has not named any federal officials as defendants.

For all the above stated reasons, this case is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii). A separate Order accompanies this Memorandum Opinion.

Date: December 15, 2025

/s/_____
ANA C. REYES
United States District Judge